## MERCADO *v.* PABÓN.

### APPEAL from the District Court of Mayagüez.

No. 10.—Decided October 11, 1904.

DIVORCE—ABANDONMENT.—The abandonment provided for in section 164 of the Civil Code as a cause for divorce consists in the firm and decided determination, revealed by one of the spouses, to separate from the other spouse, and to forever sever the matrimonial bonds existing between them.

### STATEMENT OF THE CASE.

This is an action for divorce instituted in the District Court of Mayagüez by the plaintiff, Eduvigis Mercado Cancel, engaged in industrial pursuits, a resident of Lajas and married, represented in this court by Attorney Sandalio Torres Monge against the prosecuting attorney and María Monserrate Pabón y Vargas, defendant, a resident of the same town, who, having failed to appear, was notified in the court room; which case is pending before us on an appeal taken by Mercado from the judgment rendered, a literal copy of which reads as follows:

"*Judgment.*—In the city of Mayagüez, January 25, 1904. An oral and public hearing was had in this civil suit instituted by Eduvigis Mercado Cancel as plaintiff, engaged in industrial pursuits, resident of Lajas, represented by Attorney Rudolfo Ramirez Vigo, against María Monserrate Pabón y Vargas, defendant, engaged in household duties, also a resident of Lajas, represented by Attorney Juan Quintero, for divorce.

"Eduvigis Mercado y Cancel contracted marriage according to the rites of the Roman Catholic Church with María Monserrate Pabón y Vargas on September 30, 1901, in the town of Lajas, which marriage was entered in the civil registry, both spouses establishing their residence in the house of José del Carmen Mercado.

"Eduvigis Mercado filed a complaint against his wife praying that the same be sustained and that the marriage bond be declared dissolved, and that a separation of property of all kinds be decreed, with costs against Monserrate Pabón, alleging the following facts: That on January 25, 1902, María Monserrate Pabón abandoned their home and went to her mother's house in consequence of a quarrel between the spouses, and later on brought a suit in the municipal court of Lajas which failed to succeed in its object. On several occasions he sought a reconciliation with his wife, but she refused to submit to a modest mode of living while he was not in a position to incur extravagant expenses; and it was a positive fact that since María Monserrate had abandoned their home no word whatsoever had passed between them, as the estrangement resulting from the quarrel on the night of January 25th continued to exist, although they had a daughter not yet two years old. As legal grounds he alleged that abandonment is a cause for divorce, and cited sections 165 and 173 of the Civil Code and General Orders 118, series of 1899.

"María Monserrate Pabón opposed the complaint and prayed that the same be dismissed, with costs against the plaintiff. She stated the facts as follows: That Eduvigis Mercado, being tired of his wife, who was about to give birth to a child, on January 25th attempted to torment and maltreat her, which was prevented through the intervention of Gregorio Mercado's family; that she had to flee that night taking refuge in the house of the *alcalde* of the *barrio*, who escorted her to her mother's house; that she had employed all the means within her reach to get her husband to take her back to his house; that it was not true she had abandoned her husband's house, as shown by the fact of her having applied to the municipal judge of Lajas, on May 14, 1902, for an order compelling her husband to take her to live with him, and to assist and protect her, he having failed to respond to the summons of the judge, thereby evincing a desire on his part to sue for a divorce on the plea of abandonment. She alleged as legal grounds laws now repealed, and section 165 of the Civil Code.

"A day was set for the appearance of the parties when both pro-

posed such evidence as was deemed pertinent to their respective contentions.

"All the evidence submitted was taken during the sittings of the oral trial.

"Judge James A. Erwin prepared the opinion of the court.

"There is no evidence, as required by section 164, paragraph 5, of the Civil Code, to show the abandonment alleged by the plaintiff, since the witnesses differ essentially in their declarations, especially as to the real cause of the quarrel occurring January 25, 1902.

"After that date nothing has been shown except that the wife María Monserrate Pabón had lived with her family, and that she had demanded maintenance of her husband.

"Divorce for abandonment requires other causes which have not been alleged by the plaintiff.

"We adjudge that we should dismiss, and do dismiss, this complaint, with costs to the plaintiff. So by this our judgment we pronounce, order and sign. Arturo Aponte, J. A. Erwin, Enrique González Darder."

From the foregoing judgment an appeal was taken by Eduvigis Mercado y Cancel, and the record having been transmitted to this court, after citation of the parties, the appellant appeared, and the record was submitted to and returned by him within the proper period, notice being given the respondent in open court.

After an examination of the record, the *fiscal* contested the appeal for the reasons set forth in his brief.

At the hearing both the *fiscal* and counsel for the appellant made such verbal allegations as were deemed pertinent to their respective contentions.

*Mr. Torres Monge,* for appellant.

*Mr. Rossy, Fiscal,* for the People.

The respondent did not appear.

MR. JUSTICE FIGUERAS, after making the above statement of facts, delivered the following opinion of the court:

The findings of fact and conclusions of law of the judgment appealed from are accepted.

Furthermore, from an examination of the evidence taken

at the instance of both parties it has not been proved that the wife abandoned her husband, with a firm determination to part from him and sever the marriage bonds forever; but, on the contrary, after their quarrel of January 25, 1902, the wife instituted judicial proceedings to induce her husband to receive her in his house, at which proceedings, the object whereof was a reconciliation, he failed to appear, thereby showing that his intention was contrary to the wishes of his wife.

The costs should be imposed upon the appellant.

In view of paragraph 5, section 164, of the Civil Code, we adjudge that, affirming the judgment rendered by the Mayagüez Court of January 25th, last, we should dismiss, and do dismiss, the action for divorce brought by Eduvigis Mercado y Cancel and impose upon him the costs of this appeal.

Chief Justice Quiñones and Justice Wolf concurred.

Justices Hernández and MacLeary did not sit at the hearing of this case.